J-S22036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CANDY T. MARTIN | : | |
| | : | |
| Appellant | : | No. 1420 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 3, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000095-2018

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                  **FILED MAY 08, 2019**

Candy T. Martin (Martin) appeals from the judgment of sentence imposed by the Court of Common Pleas of Cumberland County (trial court) after her jury conviction of Simple Assault as well as a trial court conviction of summary Harassment and Criminal Mischief.[1]  Specifically, she challenges the weight of the evidence to support her conviction of Simple Assault.  We affirm.

We take the following pertinent legal and factual background from the trial court's November 9, 2018 opinion and our independent review of the record.  Deborah Baker (Baker) and Martin's former husband, Kim Taylor (Taylor), share an apartment as roommates.  The conviction at issue here arose out of a June 24, 2017 incident between Baker and Martin at the

---

[1] 18 Pa.C.S. §§ 2701(a), 2709(a)(1), and 3304(a)(2), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

apartment. At trial, Martin testified on her own behalf. Baker and Taylor testified on behalf of the Commonwealth.

Martin testified that she entered Baker's apartment, in spite of warnings by Taylor and their daughter that she not do so, because Baker had called her a few days prior and Martin wanted to inquire about what she wanted. (*See* N.T. Trial, 5/10/18, at 88-89). According to her version of events, when she entered the apartment and asked Baker what she wanted, Baker immediately jumped off the couch, came toward her screaming for her to get out and grabbed her. (*See id.* at 89). She explained that she attempted to push Baker off, but that Baker maintained her grasp, looked like she was going to strike her, and they ended up by the window. (*See id.*). Martin said that she did not hit Baker. (*See id.* at 94).

Baker testified that Martin entered her home without her permission and that she repeatedly told her to get out. (*See id.* at 33). However, Baker maintained that when Martin refused to leave, she "took her by the arm and gently guided her to [the] door, showing her the exit," and told her to get out. (*Id.*). Also according to Baker, as she led Martin to the door, Martin began pushing and kicking her, and "grabbed [her] glasses, scratched [her] face," and "got her against the window where the AC was" located. (*Id.* at 33-34). Baker explained that she began "squeezing" Martin to free herself, but that Martin continued to "hit[], punch[], [and] shov[e]" her. (*Id.* at 34). Martin threatened Baker that she was going to push her out of the window, causing

- 2 -

the blinds to fall out and the air conditioner unit to fall two stories to the ground below. (*See id.*). Taylor eventually heard the yelling, broke apart the fight and successfully asked Martin to leave. Baker called 911. (*See id.*).

Taylor also testified that he was outside when Martin approached the apartment and that he and their daughter urged her not to enter the residence. (*See id.* at 65-66). He stated that after Martin entered the apartment, he heard Baker yelling at her to get out and he then saw the air conditioner fall out of the window. (*See id.* at 65). When Taylor entered the apartment, Martin had Baker "against the window and the wall," and Baker was holding Martin's shirt. (*Id.* at 66). Taylor broke them up.

Martin was convicted of the aforementioned charges. The trial court sentenced her to pay the costs of prosecution, a fine and restitution, and ordered her not to have any contact with Baker. Martin filed a post-sentence motion in which she argued that the verdict was against the weight of the evidence because "the evidence proved that [she] was not the initial aggressor in the incident and that any injuries to [] Baker or damage to her property that resulted from the altercation were the result of [] Martin acting in self-defense." (Martin's Post-Sentence Motion, 7/13/18, at 1). The trial court

denied the post-sentence motion and Martin timely appealed.[2]  She and the trial court complied with Rule 1925.  **See** Pa.R.A.P. 1925.

Our review of Martin's weight of the evidence claim is guided by the following legal principles.  "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice."  **Commonwealth v. Soto**, 202 A.3d 80, 97 (Pa. Super. 2018) (citation omitted).  "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses."  **Commonwealth v. Miller**, 172 A.3d 632, 642 (Pa. Super. 2017), *appeal denied*, 183 A.3d 970 (Pa. 2018) (citation omitted).  "[The] jury is free to disbelieve all of the defense's testimony, and is free to believe all of the testimony of the Commonwealth's witnesses . . . [and thereby] resolve any conflicts in the evidence."  **Commonwealth v. Reynolds**, 835 A.2d 720, 732 (Pa. Super. 2003) (citation omitted).  "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial

---

[2] "[A]ppellate review is limited to determining whether the trial court "palpably abused its discretion in ruling on the weight claim."  **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003), *cert. denied*, 542 U.S. 939 (2004) (citation omitted).

court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 643 (citation omitted). "It is well-settled that we cannot substitute our judgment for that of the trier of fact." *Id.* at 642 (citation omitted). Finally, "in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* at 643 (citation omitted).

Section 2701 of the Pennsylvania Crimes Code provides, in pertinent part: "A person is guilty of assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). However, "[t]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S. § 505(a). "When a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving such a defense beyond a reasonable doubt." *Commonwealth v. Rivera*, 983 A.2d 1211, 1221 (Pa. 2009), *cert. denied*, 560 U.S. 909 (2010) (citation omitted).

In the instant matter, Martin essentially argues that the jury should have believed her version of events over those of Baker. However, we conclude that the trial court did not abuse its discretion when it found that the jury could reasonably decide that the Commonwealth disproved Martin's claim of

- 5 -

self-defense beyond a reasonable doubt. The Commonwealth introduced testimonial evidence that detailed the altercation between Martin and Baker that was contrary to Martin's version of events. Specifically, Baker testified that she immediately asked Martin to leave when she entered the apartment, and that, in response, Martin attacked her, scratched her face, punched her eyeglasses off her, and threatened to push her out of the window, resulting in the air conditioner falling to the ground outside.

The jury was free to believe all, some or none of the above testimony. **See Miller**, **supra** at 642; **see also Reynolds**, **supra** at 732. Hence, the trial court properly exercised its discretion when it found that the jury could reasonably conclude that the Commonwealth disproved Martin's claim of self-defense beyond a reasonable doubt.[3] **See** 18 Pa.C.S. § 505(a); **Rivera** , **supra** at 1221. Accordingly, the trial court did not palpably abuse its discretion when it found that the jury's verdict did not shock its sense of justice. (**See** Trial Ct. Op., at 8-9); **see also Miller**, **supra** at 642-43; **Champney**, **supra** at 200.

Judgment of sentence affirmed.

---

[3] Even if the jury credited Martin's testimony that she believed that Baker was going to hit her, the jury was free to find that she "did not reasonably believe that it was immediately necessary to use force to protect herself" before attacking Baker. 18 Pa.C.S. § 505(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/08/2019